IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:23-CR-00251-M-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KARIM BROWN,

    Defendant.

ORDER

This matter comes before the court on Defendant's motions to sever (1) his trial from that of his co-Defendant [DE 81] and (2) his four bank robbery charges (and any related charges) from each other, such that he would receive a trial on each robbery charge [DE 83]. The United States opposes both motions. *See* DE 88. The court heard the motions at Defendant's arraignment hearing on September 24, 2024. For the following reasons and as stated on the record, Defendant's motions are denied in part and denied without prejudice in part.

I. **Background**

On August 8, 2023, the United States filed the indictment in which a grand jury charges Defendant and his co-Defendant, Shiheem Octavious Brown ("Shiheem"), with four counts of Hobbs Act robbery and three counts of brandishing firearms. DE 1. The indictment also charges Shiheem with possession with the intent to distribute a controlled substance, possession of a firearm by a felon, and possession of a firearm in furtherance of drug trafficking. *Id.*

On August 25, 2023, the magistrate judge granted the United States' motion for detention, and Defendant has remained detained since his arrest.[1] On July 10, 2024, the case was reassigned to the undersigned judicial officer. At the Defendant's unopposed requests, his arraignment and the pretrial motions deadline were repeatedly continued, and his arraignment was held on September 24, 2024. Defendant pled not guilty to all charges against him.

## II. Analysis

In the pending motions, Defendant contends that consideration of his case with the admission of electronic evidence from his co-Defendant "would prejudice and affect [Defendant's] substantial rights at trial and could prevent the jury from making a reliable judgment about guilt or innocence." Memo. at 2, DE 82. Defendant also argues that consideration of his robbery and related offenses in one proceeding "will result in actual prejudice against [Defendant] because it will have a substantial and injurious effect or influence in the jury's verdict." Memo. at 2, DE 84. Specifically, Defendant asserts that "[h]aving the jury hear about each robbery throughout one trial will have a cumulative effect, each building on the prior case, and will prevent them from making a reliable judgment about guilt or innocence for each robbery." *Id.*

The court specifically notes that, while Defendant cites the applicable rule, he does not contend that the defendants and charges in the indictment are improperly joined under Rule 8 of the Federal Rules of Criminal Procedure. *See* DE 81-84. As a result, the court assumes, for purposes of this order, that joinder of the defendants and offenses in this case is proper. *See* Fed. R. Crim. P. 8(a) (an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."); Fed. R. Crim. P. 8(b) (an indictment "may charge

---

[1] On March 25, 2024, Judge Boyle denied Defendant's motion to reopen his detention hearing.

2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses" and "may be charged in one or more counts together or separately" and "[a]ll defendants need not be charged in each count")._; United States v. Mackins_, 315 F.3d 399, 412 (4th Cir. 2003) (holding that Rule 8 permits "very broad joinder at the pleading stage") (internal ellipses omitted) (quoting 1A Charles Alan Wright, Federal Practice and Procedure § 141 (3d ed.1999)); *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992) (interpreting Rule 8's reference to "connected transactions flexibly, as implying a connection of logical relationship") (citation and internal quotation marks omitted); *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984) (collecting circuit-level decisions which conclude that Government need not rely on face of indictment for showing propriety of joinder, and may provide basis for joinder through "pre-trial representations," or even "at trial").

Even when offenses are properly consolidated in one indictment, "Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance from a prejudicial joinder." *United States v. LaRouche*, 896 F.2d 815, 830 (4th Cir. 1990); *see also Cataneo v. United States*, 167 F.2d 820, 823 (4th Cir. 1948) (explaining that "the question of severance . . . is vested under Rule 14 in the sound discretion of the trial judge"); Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants . . . appears to prejudice a defendant . . ., the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.") (emphasis added). "A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984). "Indeed, the express language of Rule 14 . . . shows that Congress tolerates some Rule 8 joinders even when there is prejudice." *United States v. Lane*, 474 U.S. 438, 449 n.12

3

(1986); *see also Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown").

Defendant has not made a strong showing of prejudice in either motion.

A. Motion to Sever Defendants

First, regarding the motion to sever his trial from Shiheem's trial, Defendant states generally that the admission of texts and photographs from Shiheem's mobile telephone, including cell phone location data and social media, "would prejudice and affect Defendant's substantial rights at trial and could prevent the jury from making a reliable judgment about guilt or innocence." DE 82. Defendant does not identify these "rights" nor explain why admission of materials from Shiheem's phone would prejudice him or affect such rights. The motion to sever is denied in this respect.

To the extent that Defendant argues the admission of such evidence will violate his Sixth Amendment right to confront the witnesses against him, the court finds "texts and photographs," cell phone "location data," and "social media" generally do not implicate the confrontation clause. Defendant does not identify any particular evidence anticipated to be offered and, thus, the court cannot determine, based on the record, whether his Sixth Amendment rights may be violated.[2] The court finds Defendant's argument premature and will address it, if necessary, at any trial in this matter. The motion is denied without prejudice in this respect.[3]

---

[2] The United States describes certain evidence it intends to offer if this case goes to trial, including texts between Defendant and Shiheem and between Shiheem and his girlfriend. To the extent that Defendant would argue these texts may be characterized as "testimonial statements," the court agrees with the government that they do not constitute the type of statements by non-testifying witnesses contemplated in *Crawford v. Washington*, 541 US 36, 59 (2004).

[3] At the arraignment, defense counsel stated her intent to file a motion (or motions) in limine seeking to prevent the admission of evidence from Shiheem's mobile telephone at trial. Thus, the court denies any request to sever on this basis, but denies the motion without prejudice to Defendant to raise the issue in a properly supported motion.

4

At the arraignment, defense counsel clarified that Defendant also seeks severance of the Defendants' trials in light of the charges brought solely against Shiheem concerning the drug and firearm allegations in Counts 8-10 of the Indictment. As stated on the record, the court finds this request was not adequately briefed and, thus, denies Defendant's request without prejudice to the Defendant to raise the issue in a properly supported motion.

B. Motion to Sever Charges

In his motion to sever charges, Defendant requests that the four robbery (and related § 924(c)) charges against him be severed "and that four separate bank robbery trials be held." DE 83. Defendant argues that "each robbery at four different banks on four different dates and in differen[t] cities has different evidence and witnesses. Having the jury hear about each robbery throughout one trial will have a cumulative effect, each building on the prior case, and will prevent them from making a reliable judgment about guilt or innocence for each robbery." In essence, Defendant's argument would set forth a general rule that if evidence related to one crime is admitted in a trial involving another crime, that admission would result in prejudice to the defendant sufficient to warrant severance.

The court finds that Defendant's proffered general rule is discredited by the fact that, even in trials involving allegations of one crime, "evidence of other crimes is admissible for certain [] purposes because its probative value is [in those circumstances] thought to outweigh its prejudicial effect." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976); *see also* Fed. R. Evid. 404(b)(2) (evidence of other crimes, wrongs, or acts may be admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Likewise, when offenses are consolidated in an indictment under the theory that they are "based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan," Fed. R.

5

Crim. P. 8(a), "it is manifest that evidence of one offense would ordinarily be admissible at a separate trial for the other," *Foutz*, 540 F.2d at 737. If evidence related to joined crimes would ordinarily be "admissible in separate trials of the individual counts," that fact "greatly mitigates any prejudice." *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988).

To that point, the court notes the United States' argument that the evidence of each robbery incident standing alone is sufficient for conviction and the court's instructions to the jury to consider each offense separately and the evidence supporting each separately will neutralize any prejudice arising from potential cumulation. *See* DE 88 at 8-9. Although the court is not presently in a position to make any evidentiary rulings, the charges in the Indictment address conduct that occurred within a discrete and limited period of time, and "the jury is entitled to know the setting of a case" and "cannot be expected to make its decision in a void without knowledge of the time, place and circumstances of the acts which form the basis of the charge[s]." *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980) (internal parentheses and quotation marks omitted). Even if "every bit of evidence that [would be] admissible in [a] joint trial might not be admissible . . . in separate trials . . ., [the court can] perceive no ***particular*** danger that the jury would cumulate such evidence" against Defendant. *United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982) (emphasis added). Defendant's general and conclusory allegation that a jury would cumulate evidence against Defendant is unpersuasive.

In consideration of the foregoing principles, Defendant has not made a strong showing of prejudice. *See Goldman*, 750 F.2d at 1225. Even if he had, "less drastic measures, such as limiting instructions" would be sufficient "to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also Masters*, 622 F.2d at 87 (noting that "prejudice . . . can be generally obviated by a cautionary or limiting instruction"); *LaRouche*, 896 F.2d at 831 ("curative instructions given to the jury by the

6

district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder"). Rule 14 expressly contemplates measures less drastic than severance. *See* Fed. R. Crim. P. 14(a) (detailing that court, when faced with appearance of prejudice, may "provide any other relief that justice requires"). The United States represents that it would request limiting instructions in this case. DE 88. In the absence of a more particularized showing of prejudice, these instructions would obviate any risk of prejudice. Accordingly, the motion to sever charges is denied.

### III. Conclusion

The applicable case law and rules of criminal procedure demonstrate that joinder of defendants and charges is a common preferred method of proceeding. *See United States v. Mir*, 525 F.3d 351, 356–57 (4th Cir. 2008) (recognizing "efficiency in trying the defendant on related counts in the same trial" in order to conserve "limited judicial resources"); *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995) (favorably citing Ninth Circuit authority for proposition that "joinder is a rule rather than the exception"). Defendant has failed to demonstrate the type of prejudice necessary to outweigh the efficiencies of joining the defendants and charges in this case. Accordingly, Defendant's motion to sever defendants [81] is DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART and the motion to sever charges [DE 83] is DENIED.

SO ORDERED this 25th day of September, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE